**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LEONARD P. SULLIVAN, | ) |
| Plaintiff, | ) ) |
| v. | )   2:13-cv-00121-JCM-VCF ) |
| | )   **ORDER AND** |
| | )   **REPORT & RECOMMENDATION** |
| MGM MIRAGE, *et al.*, | ) |
| | )   Application to Proceed *In Forma* |
| Defendants. | )   *Pauperis* (#1) ) |

Before the court are plaintiff Leonard P. Sullivan's Motion/Application to Proceed *In Forma Pauperis* (#1) and Complaint (#1-1).

**I.     *In Forma Pauperis* Application**

Plaintiff Leonard Sullivan asserts in his application to proceed *in forma pauperis* that he is unemployed and receives $1,239.00 in Social Security and $239.10 in Pension per month. (#1). Plaintiff has $125 in his checking account and owns a car worth $800.00. *Id.* Plaintiff's monthly expenses include $742.00 in rent, $360.00 in food, $60.00 in gas, $42.00 in auto insurance, and $44.80 on medications. *Id.* Plaintiff also owes $216.00 to St. Rose Hospital, $686.00 to Title Loan- Check City, and $750.00 to Super Pawn. *Id.* Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case

if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of *a pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**A.  Plaintiff's Complaint**

Plaintiff alleges claims against MGM Mirage, Elaine S. McAnnany, an R.N. and case manager, Carl Knauff, an insurance coordinator, and Michael Kogler, an insurance coordinator for MGM, arising from an industrial accident that occurred while he was employed at the MGM-Bellagio as a customer service representative. (#1-1). Plaintiff alleges that his "case has been reopened by the court and closed by the employer...numerous times over the years, and over the years MGM has consistently withheld and denied treatment that, if approved, would have helped [him] to recover..." *Id.* Plaintiff also alleges that MGM "destroyed and/or concealed pertinent evidence and medical records that have seriously affected [his] recovery." *Id.* Plaintiff seeks a minimum of $125,000.00 for each of the five violations of U.S. Department of Labor regulation on preserving evidence, $125,000.00 for each of the five violations of the Fourteenth Amendment, and $50,000.00 from each employee, "for they displayed cruelty." *Id.*

### 1. § 1983 Claims

Plaintiff asserts claims under § 1983 for violations of the Fourteenth Amendment's right to due process. (#1-1). Claims under § 1983 invoke federal jurisdiction under 28 U.S.C. § 1331[1]. To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); see also *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. See *Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). Plaintiff has not alleged, and cannot allege, that individual defendants McAnnany, Knauff, and Kogler, or corporate defendant MGM Mirage "acted under color of state law" or are officials that represent the government in some way. (#1-1). The claims under § 1983 should be dismissed.

### 2. OSHA Claims

Plaintiff alleges in her second and third counts that the defendants breached the Occupational Safety & Health Administration (hereinafter "OSHA") regulations when plaintiff did not receive a copy of a DVD evidencing his fall and defendants withheld and destroyed the evidence, and when defendants transferred his medical records and never gave him a copy of his medical evaluation report. (#1-1). Plaintiff claims violations of section 71.8 of OSHA. *Id.* "OSHA violations," however, "do not themselves constitute a private cause of action for breach." *Crane v. Conoco, Inc.*, 41 F.3d 547, 553

---

[1] Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

3

(9th Cir. 1994)(citing 29 U.S.C. § 653(b)(4)("[n]othing in this chapter shall be construed to ... enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees")). Plaintiff's claims for breach of OSHA regulations must be dismissed. *Id.*

### 3.     Preservation of Evidence

Plaintiff alleges claims for "Preservation of Evidence" and "Sharing and Preservation of Evidence" in his second and third claims, and asserts that defendants withheld evidence, destroyed videos, records, and reports, and concealed evidence. (#1-1). Nevada does not recognize an independent tort for spoilation of evidence "regardless of whether the alleged spoliation is committed by a first or third party." *Timber Tech Engineered Bldg. Products v. The Home Ins. Co.*, 118 Nev. 630, 633, 55 P.3d 952, 954 (2002). Plaintiff's claims alleging that defendants destroyed/withheld evidence must be dismissed. *Id.*

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *in forma pauperis* status is not extend to the issuance of subpoenas at government expense.

### RECOMMENDATION

IT IS HEREBY RECOMMENDED that the Clerk of Court be ordered to file the complaint (#1-1).

IT IS FURTHER RECOMMENDED that the complaint (#1-1) be dismissed *with prejudice*, as "it is clear from the face of the complaint that the deficiencies could not be cured by amendment." *See Cato*, 70 F.3d at 1106.

4

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of February, 2013.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**