# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LEONARD P. SULLIVAN,<br><br>        Plaintiff(s),<br><br>v.<br><br>MGM MIRAGE, et al.,<br><br>        Defendant(s). | 2:13-CV-121 JCM (VCF) |

## ORDER

Presently before the court is the report and recommendation of Magistrate Judge Ferenbach. (Doc. # 2). Pro se plaintiff Leonard P. Sullivan timely filed objections. (Doc. # 3).

Plaintiff alleges causes of actions against the MGM Mirage and individual defendants Elaine S. McAnnany, Carl Knauff, and Michael Kogler. Plaintiffs causes of action are § 1983 claims, Occupational Safety & Health Administration ("OSHA") claims, and claims for "preservation of evidence."

Magistrate Judge Ferenbach screened the *in forma pauperis* complaint. The magistrate judge dismissed the § 1983 claims because none of the individual defendants or corporate defendant MGM Mirage acted under color of state law or is an official that represent the government in some way. The magistrate judge dismissed the OSHA claims because OSHA violations "do not themselves constitute a private cause of action for breach." *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994) (citing 29 U.S.C. § 653(b)(4)). Finally, the magistrate judge dismissed the "preservation of evidence" claim because Nevada does not recognize an independent tort for spoilation of evidence.

**James C. Mahan**
**U.S. District Judge**

*Timber Tech Engineered Bldg. Prods. v. The Home Ins. Co.*, 118 Nev. 630, 633, 55 P.3d 952, 954 (2002).

The magistrate judge recommends dismissing the complaint with prejudice because it is clear that the deficiencies in the complaint cannot be cured by amendment. (*See* doc. # 2). Plaintiff timely filed an objection. (*See* doc. # 3). Plaintiff objects only to the dismissal of the OSHA claims, and does not take exception with the dismissal of the other two claims. (*See id.*).

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir.2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F.Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See e.g.*, *Johnstone*, 263 F.Supp.2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a de novo review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and the record as a whole, the court finds plaintiff's complaint is deficient for the reasons stated in the magistrate judge's report and recommendation. The court further finds that the deficiencies in

**James C. Mahan**
**U.S. District Judge**

1  the complaint cannot be cured by amendment.

2  Accordingly,

3  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge

4  Ferenbach's report and recommendation (doc. # 2), be and the same hereby, be ADOPTED in its

5  entirety.

6  IT IS FURTHER ORDERED that the clerk of the court file the complaint (doc. # 1-1) as

7  recommended by the magistrate judge.

8  IT IS FURTHER ORDERED that the complaint (doc. # 1-1) be dismissed with prejudice.

9  DATED March 27, 2013.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -